**UNITED STATES of America,**
**Appellee,**

v.

**Dominick MEMOLI, Defendant–**
**Appellant.**

**No. 05–2229–CR.**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2006.

Daniel W. Levy, Assistant United States Attorney (John M. Hillebrecht, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Laurie S. Hershey, Manhasset, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Dominick Memoli ("Memoli") appeals from a judgment of conviction entered on April 26, 2005, in the United States District Court for the Southern District of New York. Following a bench trial on stipulated facts, the district court (Rakoff, *J.*) found Memoli guilty of possession of two firearms after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On appeal, Memoli argues (1) that the district court erred in denying his motion to suppress physical evidence, including the charged firearms, obtained via a purportedly coerced consent to search his residence at the time of his lawful arrest, (2) that the lower court also erred in refusing to suppress statements allegedly obtained as fruits of the unlawful search, and (3) that the case should be remanded to the district court to determine whether counsel was ineffective at sentencing. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

■ An individual's consent to a search must be given "freely and voluntarily." *United States v. Deutsch,* 987 F.2d 878, 883 (2d Cir.1993) (quoting *Schneckloth v. Bustamonte,* 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). This inquiry is "a question of fact to be determined from the totality of all the circumstances." *United States v. Puglisi,* 790 F.2d 240, 243 (2d Cir.1986) (per curiam) (quoting *Schneckloth,* 412 U.S. at 227, 93 S.Ct. 2041). On the facts of this case, we agree with the carefully reasoned holding of the district court that Memoli's consent to a targeted search of his apartment was not coerced. The only aspect of this issue that the district court might be said not to have fully treated was whether the police officers' statements that they could have obtained a warrant were, in the circumstances of this case, sufficiently misleading to taint Memoli's consent. Applying our reasoning in *United States v. Vasquez,* 638 F.2d 507, 528–29 (2d Cir.1980), which involved similar facts, and evaluating the totality of the circumstances in this case, we conclude that Memoli's consent was not based on law enforcement's "deceit or trickery," but rather on "the well founded advice of a law enforcement agent that, absent a consent to search, a warrant can be obtained." *Id.* at 529 (citing *United States v. Faruolo,* 506 F.2d 490, 494–95 (2d Cir.1974)).

■ On Memoli's second challenge, we uphold the decision of the district court for substantially the reasons given in District Judge Rakoff's opinion. Suppression of the statements at issue would have required that the "tree" in this case was in fact poisonous. *See generally United States v. Villegas,* 928 F.2d 512, 518 (2d Cir.1991). We have found that it was not.

■ Finally, Memoli's claim of ineffective assistance of counsel at sentencing is plainly without merit. He has made no showing that, on the facts of this case, he could prove prejudice from his attorney's conduct, even if he was able to show upon remand that his counsel's performance fell below an objective standard of reasonableness. *See United States v. Zackson,* 6 F.3d 911, 919–20 (2d Cir.1993) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

We have considered all of Memoli's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.